By this appeal the appellants seek to set aside the decree of the orphans court of Camden county, revoking the appointment by the surrogate of Camden county of Rocco Palese as ancillary administrator of the estate of Felix O. Unglaub, deceased.
The appellants were plaintiffs in a suit in the New Jersey supreme court against Felix O. Unglaub for damages as a *Page 288 
result of an automobile accident. The defendant was a non-resident, domiciled in Delaware county, in the commonwealth of Pennsylvania. Service was made upon him in accordance with the statute providing for service against a non-resident automobile driver. P.L. 1930 p. 295. Before the case came on for trial, the defendant died, a resident of Pennsylvania, and Amelia A. Unglaub, his widow, was appointed administratrix of his estate by the register of wills of Delaware county, Pennsylvania. By reason of the death of Felix O. Unglaub, the action at law in New Jersey abated and the foreign administratrix could not be substituted as defendant without her consent. Green v. Dolin (CircuitCourt, 1927), 5 N.J. Mis. R. 1000; 139 Atl. Rep. 825.
No application was made for ancillary letters of administration in this state by the said administratrix. At the expiration of a period of sixty days after the death of decedent, the appellants, alleging themselves to be creditors of the decedent, made application to the surrogate of Camden county for the appointment of an ancillary administrator of the estate of the decedent. The petition did not allege that the decedent was possessed of any assets, estate or property within this state and in fact he was possessed of none. The petitioners proceeded in accordance with section 29 of the Orphans Court act (P.L. 1898 p. 725; 3 Comp.Stat. p. 3823), giving the required notices. The surrogate granted letters of ancillary administration and on appeal to the orphans court the order granting such letters was reversed for the reason that there were no assets of decedent within the jurisdiction. The validity of the appointment of an ancillary administrator where there are no assets or estate in the jurisdiction, seems to me to be the only question to be determined. The purpose of the appointment of an ancillary administrator is to administer the estate of a non-resident decedent within the jurisdiction of this state.
"To authorize the granting of an ancillary administration it must appear that there is property in the jurisdiction where the grant is applied for, which at the time of the application, is unadministered, and also, that it is of such a character as may be denominated local assets, or such as has its situs for *Page 289 
purposes of administration in that jurisdiction." 24 C.J.1112-1113.
The appellants contend, under the provisions of section 29 of the Orphans Court act, supra, that if an executor or administrator of a non-resident decedent shall neglect, for the space of sixty days after the death of such decedent, to make application in this state for letters, then upon application of a creditor, the surrogate may issue letters of administration, and it is insisted that the statute permits the appointment whether or not there are assets or property of decedent within the jurisdiction.
The reading of the statute seems to me to contemplate that there must be some estate to administer; and I think that it is quite clear that it is necessary to a valid appointment of an ancillary administrator that there be both assets of decedent within the state and within the jursidiction of the court where the appointment is made. Caruso v. Caruso, 106 N.J. Eq. 130.
The surrogate being without jurisdiction to grant these letters, the decree of the orphans court reversing the surrogate's order should be affirmed. *Page 290